UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Francisco Q., | File No. 26-cv-1050 (ECT/ECW) |
| Petitioner, | |
| v. | **ORDER** |
| Pamela Bondi, *Attorney General, United States Department of Justice*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; and Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*, | |
| Respondents. | |

Petitioner Francisco Q. is an Ecuadorian citizen who was arrested by Immigration and Customs Enforcement ("ICE") in Richfield, Minnesota, on January 5, 2026. Pet. [ECF No. 1] ¶¶ 3, 14, 27, 31, 36. Francisco filed a Verified Petition for Writ of Habeas Corpus on February 4, 2026, seeking his release, or in the alternative, a bond hearing. *See* Pet. "At some point following his arrest," but before his Petition's filing, Francisco "was transferred to the Webb County Detention Center in Laredo, Texas, where he is currently detained." *Id.* ¶ 37; *see also id*. ¶ 4. Respondents seek to dismiss or transfer Francisco's Petition to the Southern District of Texas, the district of Francisco's confinement. ECF No. 5.

"[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). "An exception is recognized, however, where the petitioner's location is

unknown at the time of filing—such as when the petitioner is in transit—or where immigration authorities have not disclosed where the petitioner is being detained or by whom, and circumstances have prevented or precluded contact with counsel." *Adriana M.Y.M. v. Easterwood*, No. 26-cv-213 (JWB/JFD), 2026 WL 184721, at *2 (D. Minn. Jan. 24, 2026); *accord* Order at 1–2, *Fausto T. v. Bondi*, No. 26-cv-748 (PJS/EMB) (D. Minn. Jan. 28, 2026), ECF No. 3; Order at 2–3, *Angel A. v. Lyons*, No. 26-cv-777 (SRN/ECW) (D. Minn. Feb. 2, 2026), ECF No. 7. This exception does not apply here. It is undisputed that Francisco was detained in Texas at the time he filed his Petition. *See* Pet. ¶¶ 4, 37. Accordingly, the Court lacks jurisdiction over Francisco's Petition and will transfer it to the Southern District of Texas.

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Francisco Q.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **TRANSFERRED** to the United States District Court for the Southern District of Texas.

Dated: February 8, 2026                          s/ Eric C. Tostrud
                                                 Eric C. Tostrud
                                                 United States District Court